IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | EP-13-CR-612-KC |
| | § | |
| (1) LARRY R. LARA, | § | |
| (2) ARMANDO MUNOZ, | § | |
| (3) DAVID J. LEONARD, and | § | |
| (4) CHRISTOPHER P. MENDOZA, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered both Defendant David J. Leonard's ("Leonard")

Motion for Severance of Defendants, ECF No. 63 ("Leonard's Motion"), and Defendant

Armando Munoz's ("Munoz") Motion for Severance of Defendants, ECF No. 65 ("Munoz's

Motion") (collectively "the Motions"). Because Defendants' Motions are almost identical in

language and argument, the Court considers both Motions in this Order. For the reasons set forth

herein, the Motions are **DENIED**.

## I.      BACKGROUND

On March 27, 2013, in the Western District of Texas, El Paso Division, a grand jury

returned a three-count Indictment against Leonard, Munoz, Larry R. Lara ("Lara"), and

Christopher P. Mendoza ("Mendoza"). *See generally* Indictment, ECF No. 28. Count One of the

Indictment charges Leonard, Munoz, Lara, and Mendoza with conspiracy to possess a controlled

substance, which offense involved 100 grams or more of a mixture or substance containing a

detectable amount of heroin with intent to distribute in violation of 21 U.S.C. §§ 846, 841(a)(1),

and 841(b)(1)(B)(i). *Id.* at 1. Count Two charges Munoz with, on or about February 25, 2013,

knowingly and intentionally possessing with intent to distribute a controlled substance, which

offense involved 100 grams or more of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i).  *Id.* at 2.  Count Three charges Lara with, on or about February 25, 2013, knowingly and intentionally possessing with intent to distribute a controlled substance, which offense involved a quantity of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. § 841(a)(1).  *Id.* at 2.

On May 17, 2013, Leonard moved to sever his trial from Co-Defendants Mendoza and Lara on the grounds that a joint trial would be prejudicial as a result of Mendoza and Lara's post-arrest statements.  *See* Leonard's Mot. 1.  Likewise, on May 21, 2013, Munoz moved to sever his trial from Co-Defendants Mendoza and Lara on the grounds that a joint trial would be prejudicial as a result of Mendoza and Lara's post-arrest statements.  *See* Munoz's Mot. 1.  The government filed a timely Response in opposition to both Motions on June 3, 2013.  *See* Government's Resp. to Def.'s Mot. for Severance and Government's Mot. for Joint Trial Setting ("Response") 1, ECF No. 76.

## II.  DISCUSSION

In the Motions, Leonard and Munoz move to sever their trials from Co-Defendants Mendoza and Lara pursuant to Federal Rules of Criminal Procedure 8 and 14.  Leonard's Mot. 1; Munoz's Mot. 1.  Although they provide little explanation, Defendants state that they are improperly joined under Rule 8(b).  Leonard's Mot. 1; Munoz's Mot. 1.  However, Leonard and Munoz maintain that even if they are properly joined under Rule 8(b), their trials should be severed from those of Mendoza and Lara under Rule 14.  Leonard's Mot. 1; Munoz's Mot. 1.  Leonard and Munoz reason that severance is required because Mendoza and Lara may have made post-arrest statements that would implicate Leonard and Munoz at trial.  Leonard's Mot. 1; Munoz's Mot. 1.  Leonard and Munoz suggest that these implicating statements would result in a

prejudicial error in their trial.  Leonard's Mot. 1; Munoz's Mot. 1.  Relying on *Bruton v. United States*, Defendants argue that giving instructions to the jury to disregard the statements of Lara and Mendoza would not cure the error, and if believed, the statements would necessarily indicate the guilt of Leonard and Munoz.  Leonard's Mot. 2; Munoz's Mot. 2; *see Bruton v. United States*, 391 U.S. 123, 129 (1968).

The government counters that joinder under Rule 8(b) is proper because Defendants "participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses."  *See* Resp. 2.  With respect to Leonard and Munoz's Rule 14 argument, the government argues that severance is unnecessary at this time because the public interest of a joint trial "outweighs the potential prejudice to Defendants' defense."  *Id.* at 5. Additionally, the government states that Co-Defendants Lara and Mendoza will plead guilty, and even if a severance were granted, the same witnesses would testify at both trials, making a severance ultimately unwarranted.  *Id.* at 3-5.

### A.  STANDARD

Joinder of defendants is proper under Rule 8(b) if:

> [Two or more defendants] are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).

"'The purpose of [Rule 8(b)] is, in the interest of convenience and expediency, to encourage joint trials while at the same time limiting as much as possible the admission at trial of prejudicial evidence against a defendant.'"  *United States v. Hidalgo*, 385 F. App'x 372, 380 (5th Cir. 2010); *United States v. Welch*, 656 F.2d 1039, 1052 (5th Cir. 1981) (quoting *United States v. Gentile*, 495 F.2d 626, 630 (5th Cir. 1974)).  Proper joinder under Rule 8(b) requires "'substantial

identity of facts or participants between the two offenses.'" *United States v. Leach*, 613 F.2d 1295, 1301 (5th Cir. 1980) (quoting *United States v. Marionneaux*, 514 F.2d 1244 (5th Cir. 1975)). When determining whether joinder of defendants is proper under Rule 8(b), a court looks to the allegations in the indictment. *United States v. Butler*, 429 F.3d 140, 146 (5th Cir. 2005). If the indictment charges multiple defendants in a conspiracy, the indictment does not need to charge defendants with participation in every phase of a conspiracy to make joinder proper. *United States v. McRae*, 702 F.3d 806, 820 (5th Cir. 2012); *United States v. Metz*, 608 F.2d 147, 153 (5th Cir. 1979); *see United States v. Wooldridge*, 572 F.2d 1027, 1029 (5th Cir. 1978); *see also United States v. Perez*, 489 F.2d 51, 62 (5th Cir. 1973). Rather, a conspiracy indictment is sufficient if it alleges that all defendants had knowledge of the conspiracy's essential nature and that all defendants had the intent to carry out the conspiracy. *See McRae*, 702 F.3d at 820; *Metz*, 608 F.2d at 153; *United States v. Zicree*, 605 F.2d 1381, 1388 (5th Cir. 1979).

Rule 14 allows severance of joined defendants if joinder is prejudicial. Fed. R. Crim. P. 14. If defendants have been properly joined under Rule 8(b), "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Krenning*, 93 F.3d 1257, 1266 (5th Cir. 1996) (quoting *Zafiro v. United States*, 506 U.S. 534, 538 (1993)); *see* Fed. R. Crim. P. 14. Specifically, Rule 14 states, "[i]f the joinder of offenses or defenses in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14. Rule 14 "leaves the determination of risk of

prejudice and any remedy that may be necessary to the discretion of the district courts." *United States v. Matthews*, 178 F.3d 295, 299 (5th Cir. 1999) (quoting *Zafiro*, 506 U.S. at 541).

Prejudice arises in situations where a nontestifying co-defendant's statements implicate a nontestifying defendant in a joint trial. *See Bruton*, 391 U.S. at 126. The Sixth Amendment guarantees a criminal defendant the right to confront the witnesses against him. U.S. Const. amend. VI; *Bruton*, 391 U.S. at 126. However, in a joint trial, a defendant does not have the opportunity to cross-examine a nontestifying co-defendant. *See Bruton*, 391 U.S. at 137. In *Bruton*, the Supreme Court found that a defendant's Sixth Amendment right was violated by the admission of the nontestifying co-defendant's statements. *Id*. Since there was a possibility that the jury would consider the co-defendant's statements when determining the guilt of the defendant, despite being given instructions not to do so, severance under Rule 14 was warranted. *See id*. However, the *Bruton* doctrine "is inapplicable unless the codefendant's statement 'directly incriminates the non-confessing defendant without reference to other admissible evidence.'" *United States v. Lage*, 183 F.3d 374, 386 (5th Cir. 1999) (quoting *United States v. Mann*, 161 F.3d 840, 860 (5th Cir. 1998)). Additionally, if the statements made by a nontestifying co-defendant are properly redacted to remove all reference to a nontestifying defendant, the statements may be admitted. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

### B.   ANALYSIS

In this case, the Indictment indicates that joinder is proper under Rule 8(b). Defendants do not articulate why joinder is inappropriate under Rule 8(b), instead they only mention that they should be tried separately "pursuant to Rule 8 and Rule 14 of the Federal Rules of Criminal Procedure . . . ." Mot. 1. However, the Indictment provides that the four Defendants "knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed

together . . . to commit offenses against the United States."  Indictment 1.  Because the

Indictment specifically alleges that the defendants knowingly and intentionally entered into the

conspiracy, there was proper grounds for joinder under Rule 8(b).  *See Metz*, 608 F.2d at 153

(requiring a conspiracy indictment to allege knowledge); *Zicree*, 605 F.2d at 1388 (requiring a

conspiracy indictment to allege intent).  Accordingly, joinder is appropriate under Rule 8(b),

since the Indictment charges Defendants with knowledge of the conspiracy's essential nature as

well as intent to commit the conspiracy.  *See Leach*, 613 F.2d at 1296; *Marionneaux*, 514 F.2d at

1248; *Metz*, 608 F.2d at 153.

Additionally, severance of the Defendants' trials is inappropriate under Rule 14.  The

Defendants' only argument justifying severance under Rule 14 is that, as in *Bruton*, Lara and

Mendoza's statements would implicate them, resulting in a prejudicial error that could not be

cured by a jury instruction.  Leonard's Mot. 1; Munoz's Mot. 1.  But in this case, there are no co-

defendants.  According to the government, "the defense attorney[s] for both Lara and Mendoza

have indicated to the Government that their clients intend to plead guilty."  Resp. 3.  If Lara and

Mendoza plead guilty, by definition, they would no longer be co-defendants in the case.  In

*Bruton*, as well as cases applying *Bruton*, courts have explicitly held that in order for severance

to be warranted, a *co-defendant* in the trial must have made the prejudicial statements.  *See*

*Bruton*, 391 U.S. at 137 (explaining that jury instructions to disregard a co-defendant's

implicating statements do not suffice as a substitute for a defendant's right to cross examine a co-

defendant in a joint trial); *United States v. Vejar-Urias*, 165 F.3d 337, 339 (5th Cir. 1999)

("[T]he Sixth Amendment bars the admission of statements made by a nontestifying *co-*

*defendant* that implicate the nonconfessing defendant.") (emphasis added); *Matthews*, 178 F.3d

at 298; *Lage*, 183 F.3d at 386 ("*Bruton* is inapplicable unless the *co-defendant's* statement

6

directly incriminates the non-confessing defendant . . . . ") (emphasis added) (internal quotation marks omitted).  Hence, Defendants' *Bruton* argument fails because Leonard and Munoz have no co-defendants other than themselves.  Accordingly, Defendants' Rule 14 *Bruton* argument is not relevant at this stage in the case.  *See Mann*, 161 F.3d at 860; *United States v. Espinoza-Seanez*, 862 F.2d 526, 534 (5th Cir. 1988); *United States v. Cardenas*, 9 F.3d 1139, 1159 (5th Cir. 1993).

Consequently, Defendants were properly joined under Rule 8(b) and severance is not warranted under Rule 14.

**III.   CONCLUSION**

For the foregoing reasons, Leonard's Motion, ECF No. 63, is **DENIED**.  Munoz's Motion, ECF No. 65, is also **DENIED**.

**SO ORDERED.**

SIGNED this 19th day of June, 2013.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE